BOOTH, Judge.
Miller Enterprises, Inc. appeals a final judgment denying its petition for writ of mandamus to compel the City of South Daytona to issue a gasoline pump building permit. The basis for the ruling is a city ordinance of South Daytona, Section 3-7, Alcoholic Beverages, which reads:
No alcoholic or intoxicating beverages, including beer and wine shall be sold for consumption on or off the premises at any location within the City of South Daytona, Florida, where gasoline for motor vehicles is sold.
Appellant sells beer and wine for off-premise consumption in its convenience food store located in South Daytona and seeks to add self-service gas pumps on the premises. The set-back and other requirements for the pumps’ installation were met but the permit was denied based on the above-quoted ordinance.
Appellees suggest that the ordinance is designed to alleviate problems associated *514 with traffic congestion which is peculiar to South Daytona, but offered no proof to support this contention. Appellant offered proof that the sale of gasoline and liquor at one location created no peculiar fire or traffic hazards. Appellant urges that the ordinance is an unreasonable exercise of the City’s police power. We agree and hold this ordinance unconstitutional.
The Supreme Court in City of Miami v. Kayfetz, 92 So.2d 798, 801-802 (Fla.1967), stated the rule as follows:
In considering whether or not the ordinance now before us is reasonable, the test is not whether we think it a wise measure or the best means of approaching a problem, but rather whether it has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition adversely affecting the public good. And the test must be applied in view of the character or nature of the condition to be remedied and all circumstances relating thereto.
We have reviewed the record, briefs, and heard arguments in this case, but fail to discern any rational relationship between the ordinance and the public health, morals, safety or welfare of the citizens of South Daytona. The record does not demonstrate any nexus between the ordinance and the traffic problems it purportedly corrects.
Accordingly, the judgment below is REVERSED.
ERVIN, Acting C. J., and MELVIN, J., concur.